IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION NO. 3:24-3151-JFA |
| Plaintiff | |
| vs. | |
| $250,000.00 USDT, | |
| Defendant *In Rem*. | |

## ANSWER OF CLAIMANT CHEN CHUN-LUNG

Claimant Chen Chun-Lung (hereinafter "Chun-Lung") hereby responds to the allegations in the Complaint as follows:

1. Paragraph 1 contains conclusions of law to which no response is required. To the extent paragraph 1 is deemed to contain allegations of fact, those allegations are denied.

2. Paragraph 2 contains conclusions of law to which no response is required. To the extent paragraph 2 is deemed to contain allegations of fact, those allegations are denied.

3. Paragraph 3 is admitted to the extent that the property that is the subject of these proceedings is correctly identified and described, and Claimant Chun-Lung is the owner of the cryptocurrency custodial wallet from which the Defendant Funds were seized.

4. Paragraph 4 is admitted to the extent that the property that is the subject of these proceedings is correctly identified and described and has been restrained.

5. Paragraph 5 is admitted to the extent that the government determined the approximate domestic value in United States Currency of the Defendant Funds at the time and place of appraisement, in accordance with the provisions of 19 U.S.C. § 1606. The domestic value is subject to change over time.

6. Paragraph 6(a) is admitted. Claimant Chun-Lung is the named account holder of the account seized by USSS in this case.

7. Claimant denies the introduction to paragraph 7. Specifically, Claimant denies there is a factual basis to show that the Defendant Funds are subject to forfeiture. Claimant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations in Paragraph 7(a) and the introductory sentence in Paragraph 7(b). Paragraphs 7(b)(1) – (9) and 7(c)(1) – (3) contain definitions of terms to which no response is required. To the extent paragraphs 7(b) and 7(c), are deemed to contain allegations of fact, those allegations are denied. Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 7(b)[1], 7(c), 7(d), 7(e), 7(f), 7(g), 7(h), 7(i), 7(j), 7(k), 7(l), 7(m), 7(n), 7(o), 7(p), 7(q), 7(r), 7(s), 7(t), 7(u) , and 7(v) on that basis denies them.

8. Paragraph 8 contains conclusions of law to which no response is required. To the extent paragraph 8 is deemed to contain allegations of fact, those allegations are denied.

9. Paragraph 10[2] contains conclusions of law to which no response is required. To the extent paragraph 10 is deemed to contain allegations of fact, those allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims must be dismissed as Plaintiff lacks probable cause for the institution of this forfeiture suit.

---

[1] The allegations are mislabeled. Paragraph 7(b) on Page 7 of the Complaint follows Paragraph 7(c).
[2] Paragraph 9 of the Complaint was excluded.

### Second Affirmative Defense

Plaintiff's claims must be dismissed for failure to state a claim upon which relief can be granted.

### Third Affirmative Defense

Plaintiff's claims must be dismissed for failure of the *United States' Complaint For Forfeiture In Rem* [ECF 1] to be verified, as required by Federal Rule of Civil Procedure, Supplemental Rule G(2)(a).

### Fourth Affirmative Defense

Claimant was and is without knowledge of the alleged unlawful activities and therefore comes within the exemption from forfeiture under the innocent owner defense. *See, e.g.,* 18 U.S.C.§ 983(d).

### Fifth Affirmative Defense

This forfeiture *in rem* would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### JURY DEMAND

Claimant demands a jury trial of the issues and defenses raised in his claim and answer.

**WHEREFORE**, Claimant Chun-Lung prays that this Court will:

1. Dismiss Plaintiff's Complaint and enter judgment for Claimant;

2. Award costs and attorney's fees to Claimant; and

3. Provide such other relief as the Court deems proper and just.

 

                Respectfully submitted,

                s/Deborah B. Barbier
                Deborah B. Barbier (#6639)
                DEBORAH B. BARBIER, LLC
                1811 Pickens Street
                Columbia, South Carolina 29201
                803-445-1032
                dbb@deborahbarbier.com

                *Counsel for Claimant Chen Chun-Lung*

DATE: June 13, 2024

Columbia, SC

5

## CERTIFICATE OF SERVICE

Counsel hereby certifies that on the 13th day of June, 2024, this document was filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the parties of record, including:

>Carrie Fisher Sherard
>Office of the United States Attorney
>55 Beattie Place, Suite 700
>Greenville, SC 29601


>*s/ Deborah B. Barbier*
>*DEBORAH B. BARBIER*
>*Counsel for Claimant Chen Chun-Lung*